MATTER OF ALBANO

In Deportation Proceedings

A-17457739

*Decided by Board Nevember 15, 1968*

Since under 8 CFR 244.1 and 244.2 the authority of a special inquiry officer to specify a voluntary departure date exists only "when first authorizing voluntary.departure," the special inquiry officer's denial of a motion to reopen to fix a new voluntary departure date for respondent was proper, a voluntary departure date having been specified by him when he initially granted respondent voluntary departure.

CHARGE:

Order: Act of 1952—Section 241 (a) (2) [8 U.S.C. 1251(a) (2)]—Nonimmigrant visitor, remained longer.

ON BEHALF OF RESPONDENT:
Julian Soshnick, Esquire
185 Devonshire Street
Boston, Mass. 02110

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

Respondent is a native and citizen of Portugal who entered the United States on March 18, 1966, as a nonimmigrant visitor for pleasure. She was authorized to remain until April 30, 1967. Subsequently, deportation proceedings arose under section 241(a) (2) of the Immigration and Nationality Act. At the hearing on April 25, 1968, the respondent was granted voluntary departure, in lieu of deportation. The order granting her voluntary departure was to be effective on May 25, 1968.

Subsequently, the respondent contracted tuberculosis and became hospitalized, making it impossible for her to depart on the day designated. Respondent's counsel then presented a motion to the special inquiry officer requesting that he vacate and set aside his previous order and reopen proceedings to set October 24, 1968, as the new voluntary departure date.

The special inquiry officer denied the motion on the ground that under 8 CFR 244.1 and 244.2, he was prohibited from extending the date of voluntary departure initially set. On appeal counsel

for respondent argues that the special inquiry officer made an erroneous interpretation of the regulations and that vacating an original order and substituting a new one does not constitute extending a departure date within the meaning of 8 CFR 244.2.

As cited by the special inquiry officer, 8 CFR 244.1 authorizes a special inquiry officer to specify a departure date only "when first authorizing voluntary depatrure." Counsel's request to vacate the special inquiry officer's original order relates only to the departure date and not to the original grant of voluntary departure. Since the special inquiry officer is restricted to authorizing a date of departure only when he initially grants voluntary departure, counsel's motion, if granted, would in effect give the special inquiry officer a power that was not given to him in the cited regulations.

Finally, we do not see what purpose would be served in reopening proceedings to permit the introduction of medical evidence concerning the respondent. This would not have any bearing on the issue of voluntary departure, which in our opinion is the maximum relief to which the respondent is entitled.

**ORDER:** The appeal from the decision of the special inquiry officer is dismissed.